# United States District Court
# Central District of California
# Southern Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., | CV 12-01988 TJH (PLAx) |
| Plaintiff, | |
| v. | Order |
| ANTONIO ACRE, *et al.*, | |
| Defendants. | |

    The Court has considered Plaintiff's motion for default judgment, together with the moving papers.

    Plaintiff alleged that Defendant exhibited a match without Plaintiff's authorization. Defendant did not respond to the complaint. Plaintiff requested, and the Clerk entered, default. Plaintiff, then, moved for default judgment, which was denied due to Plaintiff's failure to allege required elements of its claim. Plaintiff has since amended its motion and, again, moves for default judgement.

    To maintain an action in federal court, a plaintiff must satisfy the "irreducible constitutional minimum" of standing. *Vermont Agency of Natural Res. v. United States*, 529 U.S. 765, 771, 120 S. Ct. 1858, 1862, 146 L. Ed 2d 836, 844 (2000). To

establish standing, Plaintiff must show, *inter alia*, that it suffered an injury to a legally protectable right. *Vermont*, 529 U.S. at 771-72. Plaintiff has failed to show that it had a legally protectable right in the exhibition of the match. Therefore, Plaintiff does not have standing.

Plaintiff is not a party to the agreement. The agreement granted exhibition rights to Integrated Sports Management, Inc., not Plaintiff. The "dba Integrated Sports" wording does not change this. Integrated Sports Management, Inc., dba Integrated Sports, is not the same entity as Innovative Sports Management, Inc., dba Integrated Sports. Nor does Plaintiff's assertion that the parties intended to designate Plaintiff as the party to the agreement change this. The agreement contains a merger clause. Under New York law (the choice of law indicated in the contract), when an agreement contains a merger clause, the terms of the agreement may not be contradicted by extrinsic evidence. *Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 433 (2013). Because Plaintiff's assertion contradicts an unambiguous term of the agreement, it is inadmissible. Plaintiff has failed to establish that it had a right in the exhibition of the match; therefore, it has failed to show that it was injured by Defendant.

It is **Ordered**, that the motion for default judgment be, and hereby is, **Denied**.

Date: December 17, 2014

_____
Terry J. Hatter, Jr.
Senior United States District Judge